Robert Teodore **HOARE**, Petitioner—Appellant,

v.

David L. **RUNNELS**, Warden, Respondent—Appellee.

No. 04–55234.
D.C. No. CV–03–03055–HLH.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 27, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

William S. Harris, Esq., Stewart & Harris, South Pasadena, CA, for Petitioner–Appellant.

Margaret E. Maxwell, Erika Denice Jackson, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Robert Teodore Hoare, a California prisoner, appeals the district court's dismissal of his habeas corpus petition challenging the sentence imposed after his conviction for second degree burglary. We affirm.

In 1993, Hoare fired a pistol into a trash can in a public park. He agreed to plead guilty to discharging a firearm in a grossly negligent manner in violation of California Penal Code § 246.3. During Hoare's subsequent plea and probation hearing, the sentencing judge acknowledged that the parties had reached an agreement under which Hoare would plead guilty in exchange for two years summary probation and a fine, but no jail time. The judge also informed Hoare that if he successfully completed the terms of his probation, he could request that his probation be terminated early and his case be dismissed. During Hoare's plea colloquy, the prosecutor advised him of his constitutional rights and the terms and conditions of the plea agreement. The prosecutor informed Hoare that he was pleading guilty to a felony offense and that if Hoare violated any terms of his probation, he could be sent to state prison. Hoare was also told that his guilty plea could act as a sentencing enhancement in the future. Hoare waived his right to a trial and agreed to the conditions of the plea agreement as explained by the prosecutor.

In 1999, Hoare robbed several businesses in Los Angeles, California. Following a jury trial, he was found guilty of three counts of second degree robbery. The jury also found that he had personally used a firearm in the commission of the crimes and that he had received one prior "serious felony" conviction within the meaning of California's Three Strikes Law. Hoare was sentenced to 35 years and 8 months in state prison.

In May 2003, after his conviction and sentence were affirmed by California's Court of Appeal and Supreme Court, Hoare filed a petition for writ of habeas corpus in federal court raising numerous claims, including that his 1993 conviction for discharging a weapon in public was not a "serious felony" for purposes of Califor-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nia's sentencing enhancement statute and Three Strikes Law and should not have been treated as such. The state responded that Hoare's claim failed to present a federal question and that, even if it did, his claim was meritless. In September 2003, Hoare filed a Traverse, arguing for the first time that his due process right to a fair sentence was violated when the state court determined that his prior conviction was a felony, not a misdemeanor. The district court dismissed his petition.

Habeas relief for a sentencing error may be available if a petitioner can show that a state court's misapplication of its own sentencing laws resulted in fundamental unfairness. *Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir.1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").[1] We are satisfied that Hoare's constitutional rights were not violated.

Hoare's prior conviction was not converted to a misdemeanor when he received probation instead of imprisonment. Although Hoare had pled guilty to violating a statute under which the trial judge had the discretion to sentence him for a misdemeanor or felony (colloquially referred to as a "wobbler" offense), he was advised at his sentencing that he was pleading guilty to a felony and that if he violated the terms of his probation, he would be imprisoned. Those circumstances distinguish this case from *People v. Glee,* 82 Cal. App.4th 99, 97 Cal.Rptr.2d 847 (2000), where the "wobbler" offense was automatically rendered a misdemeanor. In *Glee,* the trial judge never intended to impose a felony sentence because he suspended proceedings, granted summary probation, ordered the defendant to serve one year in the county jail, and directed probation be terminated upon completion of the jail term. More importantly, the sentencing judge failed to retain jurisdiction over the defendant with the possibility of later imposing prison time. Here, by contrast, the sentencing judge clearly intended to retain jurisdiction over Hoare if he violated the terms of his probation. Therefore, Hoare's prior offense did not convert to a misdemeanor and was properly used as a "strike" under California's Three Strikes Law.

The district court properly dismissed the petition for writ of habeas corpus. Hoare did not and cannot show that the state misapplied its sentencing laws resulting in fundamental unfairness.

AFFIRMED.

---

1. We note that Hoare did not clearly raise his due process claim until he filed a Traverse after the state responded to his petition, which could be considered a waiver of the claim. *See Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). However, the district court reached the issue, the record is sufficient to review the issue on appeal, and we conclude that the Appellee will not be prejudiced if we reach the due process claim in this case.